MURPHY *v.* MULVENA.

1. COSTS—NOTICE OF TAXATION—VALIDITY.
   A taxation of costs is not void merely because notice thereof was served before entry of judgment.

2. EXEMPTIONS—PRINCIPAL BUSINESS OF DEBTOR.
   To establish a right of exemption under 2 How. Stat. § 7686, subd. 8, the business in which the debtor is wholly or principally engaged must be shown.

3. SAME—APPRAISAL.
   The appraisal provided for by 2 How. Stat. § 7687, is expressly limited to cases where a levy is made upon property of a class or species which is exempt from execution "to a specified amount or value."

4. SAME—SELECTION BY OFFICER.
   The officer levying an execution on property subject to an exemption under 2 How. Stat. § 7686, subd. 6, may, under section 7690, select the exemption for the debtor, if the latter is absent at the time of the levy.

5. SAME—OFFICER'S RETURN—CONCLUSIVENESS.
   Where it appears that a selection was regularly made by the officer under such circumstances, the question as to the conclusiveness of his return, to the effect that the debtor "refused" to select his exemption, does not call for a determination.

Error to Alpena; Kelley, J.   Submitted January 14, 1896.   Decided February 18, 1896.

Replevin by John J. Murphy against William Mulvena and Henry Denst.   From a judgment for defendants on verdict directed by the court, plaintiff brings error.   Affirmed.

*John E. Mills*, for appellant.

*George B. Greening* (*J. D. Turnbull*, of counsel), for appellees.

HOOKER, J.   The defendant Denst recovered a judgment against the plaintiff in an action of *assumpsit* in the circuit court.   After verdict, and before judgment, notice of taxation of costs was served, and, a few days after the entry of judgment, the costs were taxed in accordance with the notice, in the absence of the judgment debtor. Execution issued, and was duly returned, the return showing that the officer had collected the amount of damages, but no costs; whereupon an *alias* execution was issued, and delivered to the defendant Mulvena, as sheriff, who levied upon a number of cattle upon a farm in the township of Wilson, owned by the plaintiff.   The plaintiff was not present, and the defendant asked plaintiff's hired man, who was at work on the farm, to select plaintiff's exemptions, but he declined to do so; whereupon the officer set aside, and left as such exemptions, two cows and a bull, and drove the other cattle away, and afterwards advertised them; whereupon plaintiff replevied them.   The return states that the execution debtor refused to select his exemptions.   Upon the trial, the plaintiff claimed that he was given no opportunity to select his exemptions, and made an offer to show that, but the court held that the return could not be contradicted.   It also appeared that the property was not appraised within the township of Wilson.   The court directed a verdict for the de-

fendants, and the plaintiff, having removed the cause to this court, assigns the following errors:

1. That the execution was void, for the reason that the taxation of costs was irregular and unauthorized under the notice of taxation that was given.
2. That testimony should have been admitted to show that the plaintiff was never offered a chance to "make any exemptions."
3. That the levy was invalid for the reason that the officer did not have the property appraised within the township of Wilson.

It is not claimed that the costs were taxed less than two days after judgment, and plaintiff's point seems to be that a notice served before the judgment was entered upon the verdict was invalid. We agree with the circuit court that there is no force in this contention. He should have appeared and contested the taxation, if he desired to. No question is raised over the defendant's right to tax the amount, and the early notice was, at most, an irregularity.

The statute (2 How. Stat. § 7687) providing that the officer "may cause the property levied upon to be appraised" is, by the terms of the section, limited to cases where "property of any class or species which is exempt by law from execution *to a specified amount or value*" is levied upon. To bring this case within it, counsel appears to claim a right to exemption under subdivision 8 of section 7686; but, as the record fails to show the business in which the owner was wholly or principally engaged, that subdivision is not applicable.

The plaintiff's counsel did show that his client was a householder, and he was therefore entitled to two cows, as exemptions, under subdivision 6; and, under section 7690, he had a right to select these, if present when they were levied upon. The section permitted the officer to make the selection, if the execution debtor was absent or neglected to select his exemptions. Hence, it becomes immaterial whether or not the court erred in holding that the

return was conclusive of the question of plaintiff's refusal to select his exemptions, inasmuch as there appears to be no question of his absence at the time of the levy.

The judgment is affirmed.

The other Justices concurred.